UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
Case No.:

VELVET HUSSEY,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.

_____/

## **COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Velvet Hussey, by and through undersigned counsel hereby files her Complaint against Defendant, Life Insurance Company of North America, and says:

### I.  JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Velvet Hussey ("Ms. Hussey"), is a resident of the Martin County and was at all times relevant a participant of the long-term disability policy ("long-term disability policy") at issue. Defendant, Life Insurance Company of North America (hereinafter "LINA" or "Defendant"), is the insurer and claims administrator of the long-term disability policy at issue, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.     FACTS

3. At all times material to this action there was in full force and effect a group long-term disability insurance policy constituting binding contract of insurance between the parties. This policy was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Hussey was employed with Quest Diagnostics Inc. C/O Cigna Group Insurance as a Histotechnician. By virtue of her employment at Quest Diagnostics Inc. C/O Cigna Group Insurance, Ms. Hussey was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Hussey a monthly benefit in the event that she became disabled ("long-term disability benefits").

7. The long-term disability policy defines Disability, or Disabled, in pertinent part, as follows:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she:*

   1. *Unable to perform the material duties of his or her Regular Occupation; and*
   2. *Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

   1. *Unable to perform the material duties of any occupation for which he or she is, or may reasonably become qualified based on education, training, or experience, and*
   2. *Unable to earn 60% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability."*

8. Ms. Hussey has suffered, and continues to suffer from rheumatoid arthritis,

2

chronic neck and back pain, degenerative disc disease of cervical and lumbar spine, osteoporosis, right lumber radiculopathy, among others.

9. Ms. Hussey has been unable to perform the material duties of her own occupation, or any occupation; Ms. Hussey is disabled under the terms of the long- term disability policy.

10. Ms. Hussey was forced to discontinue working on or around October 31, 2013 due to her disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Ms. Hussey notified Defendant that she was disabled.

12. Defendant acknowledged Ms. Hussey's disability and accepted liability by paying long-term disability benefits effective May 15, 2014.

13. By letter dated August 3, 2018 Defendant terminated Ms. Hussey's claim for long-term disability benefits effective August 2, 2018.

14. By letter dated November 06, 2018, Ms. Hussey timely appealed Defendant's decision to terminate her long-term disability benefits.

15. Defendant denied Ms. Hussey's appeal and communicated its decision via letter dated April 18, 2019.

16. Ms. Hussey exhausted her appeals under ERISA.

17. In terminating Ms. Hussey's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The termination of Ms. Hussey's disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19. Defendant's termination of Ms. Hussey's long-term disability benefits breached the fiduciary duties owed to Ms. Hussey under ERISA. Defendant further failed to

discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Hussey as a participant of the long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:
    a. the benefits are permitted benefits under the policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Ms. Hussey, ignoring the medical records and clear opinions of her treating physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

26. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Velvet Hussey, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 11th day of July, 2019.*

BY: */s/ Bryn Natland*
Bryn Natland (FBN. 86604)
bryn@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Miami, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

*Attorneys for Plaintiff, Velvet Hussey*